IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BRANDON SMITH                                                                                           PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:21-cv-62-NBB-JMV

STATELINE ROAD WEST CENTER, LLC                                                      DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the defendant Stateline Road West Center, LLC's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and the plaintiff Brandon Smith's Motion for Summary Judgment. Upon due consideration of the motions, responses, exhibits,[1] and applicable authority, the court is ready to rule.

Factual Background and Procedural Posture

The plaintiff, Brandon Smith, is a wheelchair-bound advocate for the disabled who has filed over fifty cases in this court and the United States District Court for the Western District of Tennessee alleging American with Disabilities Act ("ADA") violations against various defendants. The defendant, Stateline Road West Center, LLC, owns and operates a convenience store in Southaven, Mississippi.

The plaintiff's complaint alleges that four conditions at Stateline's facility failed to comply with ADA accessibility guidelines: (1) the facility lacked a marked van accessible parking space with "van accessible" signage; (2) the facility lacked a marked accessible parking space with "accessible" signage; (3) there were no accessible access aisles for designated accessible parking spaces; and (4) the door closers on the restroom doors were set so that the

---

[1] It is well-settled that a court may consider matters outside the pleadings when ruling on a factual attack challenging the existence of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

doors required too much force to open, and they closed too quickly. The complaint also makes generalized, non-specific allegations of Stateline's failure to maintain the facility in compliance with the ADA.

The plaintiff seeks a mandatory injunction requiring Stateline to correct these property conditions allegedly not in compliance with ADA accessibility guidelines and an award of attorney's fees. As the ADA does not provide for recovery of compensatory damages, the plaintiff seeks none.

To address the plaintiff's allegations, Stateline hired a qualified and experienced ADA expert, Richard Hinrichs, to inspect its facility and identify all issues with ADA accessibility guidelines to ensure full compliance with ADA requirements. Stateline also hired a contractor who, in consultation with Hinrichs, undertook to correct all non-compliant features of the facility identified by Hinrichs – not just those set forth in the plaintiff's complaint. After the contractor's completion of the work, Hinrichs reviewed the facility and concluded that while Stateline's contractor had corrected most of the identified deficiencies, some corrective action remained necessary. Hinrich's original declaration stated he would address these additional matters by supplemental declaration once the work was completed. Stateline then addressed those remaining items that required corrective measures.

Four weeks after his original declaration and report, Hinrichs provided a second declaration reviewing the additional efforts of Stateline's contractor and attached photographs to his report demonstrating that all deficiencies had been cured. Hinrich's supplemental declaration concluded:

> I conducted to the best of my ability an initial thorough Accessibility Evaluation of this facility and reported all of the features, within a reasonable degree of professional certainty, that were not in compliance with ADA standards. That Evaluation report is attached to my prior declaration. I have since reviewed the

> owner's follow-up remediation photographs provided to me on all the unresolved remaining items found to be non-complaint. I am satisfied based on the photographs that all of the unresolved items listed above have been corrected according to the appropriate ADA accessibility standard. The foregoing would be my testimony if called upon to testify at trial at this date.

[Doc. 37-2 at ¶ 4].

Standard of Review

The defendant's motion is filed pursuant to Fed. R. Civ. P. 12(b)(1), which provides for dismissal for lack of subject matter jurisdiction. "Federal courts are tribunals of limited subject matter jurisdiction and may only entertain a case that fits within the judicial power of Article III of the Constitution and a statutory grant of subject matter jurisdiction." *Laufer v. Galtesvar OM, LLC*, 2020 WL 7416940, at *2 (W.D. Tex. Nov. 23, 2020). A court lacks subject matter jurisdiction and should dismiss an action if the plaintiff does not have standing to assert his claims. *Id.* To establish standing, "the plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" not only that he has suffered an "injury in fact" but that such injury is capable of being "redressed by a favorable judicial decision." *Deutsch v. Travis County Shoe Hosp., Inc.*, 721 F. App'x 336, 339 (5th Cir. 2018).

In ruling on motions under Rule 12(b)(3) and Rule 12(b)(6), courts are generally limited to consideration of the pleadings themselves, with some limited exceptions. As noted above, however, it is well-settled that a court may consider matters outside the pleadings when ruling on a factual attack challenging the existence of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Indeed, "the court may go outside the pleadings and consider additional facts, whether contested or not, and may even resolve issues of contested facts." *Sandifer v. Lumberton Pub. Sch. Dist.*, 2007 WL 2071799, at *1 (S.D. Miss. 2007). "[N]o presumptive truthfulness attaches to plaintiff's

3

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Hunter v. Regions Bank*, 2013 WL 5020959, at *4 (N.D. Tex. Sept. 13, 2013) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff here proceeds under Rule 56 in filing his motion for summary judgment. The central question under Rule 56 is whether the record evidence before the court provides a viable basis for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Analysis

Title III of the ADA allows an individual to bring a claim for discrimination based on a property owner's "failure to remove architectural barriers" to accessibility at a place of public accommodation – that is, essentially a place to which the public is invited – "where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Relief under Title III is limited to injunctive relief such as an order requiring the subject property be altered to make it "readily accessible to and usable by individuals with disabilities." *Deutsch*, 721 F. App'x at 340; 42 U.S.C. § 12188(a). The applicable ADA accessibility standards are those found in the 2010 ADA Standards for Accessible Design ("Standards"). The plaintiff's "[s]tanding … requires a threat of present or future harm" that the plaintiff will again encounter property conditions at the defendant's Southaven store which violate the Standards. *Deutsch*, 721 F. App'x at 340.

The plaintiff alleges that the facility lacks both an accessible parking space and a van accessible parking space, signage for each, and an access aisle from those spaces leading to the handicap ramp accessing the store's entrance. Hinrichs' original declaration attests to the proper installation of the two parking spaces and a compliant access aisle but found fault with the absence of separate signage for each space. Hinrichs' Supplemental Declaration, however,

4

attests to, and contains photographs showing, the two parking spaces with a painted access aisle between them leading to the accessible ramp, with one of the spaces having signage marked as handicap and van accessible and the other sign marking the second space as merely handicap accessible. As required by Section 502.6 of the 2010 Standards, the bottom of each sign is at least sixty inches above the ground below it. Both signs display the appropriate symbols, and one has the "van accessible" designation contemplated by Section 502.6. The spaces, access aisle, and signs therefore now comply with the applicable requirements.

Next, as to the bathroom door issues, Hinrichs, in his original declaration, attests to having carefully reviewed all the corrective work, including the adjustment of the door closers, and confirms that they now meet ADA requirements, both as to the force required to open them and the amount of time the doors close being consistent with ADA standards for a person in a wheelchair being able to enter and exit.

Regarding maintenance issues, the plaintiff merely asserts general allegations in his complaint that the defendant must be ordered "to implement and carry out effective policies"…"so that the facility remains accessible to and usable by individuals with disabilities." [Doc. 1 at ¶ 25]. The uncontested record reflects that the defendant has permanently corrected all property conditions at issue in this case, thereby rendering any such hypothetical maintenance-related claims moot.

Moreover, it bears repeating that Stateline addressed matters that were outside the complaint. As noted above, Stateline's expert Hinrichs found a number of additional issues that showed lack of ADA compliance. Stateline corrected not only the issues asserted in the plaintiff's complaint but also made certain, with the assistance of Hinrichs' expertise and the

5

work of Stateline's contractor, that every instance of noncompliance discovered was corrected. The record reflects that Stateline is now in full compliance with the ADA.

"Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *Deutsch*, 721 F. App'x at 339 (quoting *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006)). Claims for injunctive relief become moot if a defendant voluntarily remedies the shortcomings the plaintiff is requesting the court order the defendant to remedy. *Id.* at 340. "Standing for injunctive relief requires 'a threat of present or future harm' to the plaintiff. Even if the plaintiff has previously encountered illegal conduct, there is no current case or controversy to support an injunction if there are no 'continuing, present adverse effects.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)) (internal citations omitted).

Permanent fixes to undo the offending conduct, such as the structural modifications made in the present case, bear no risk that "a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off." *Allied Home Mort. Corp. v. U.S. Dep't of Housing and Urban Dev.*, 618 F. App'x 781, 785-86 (5th Cir. 2015). Indeed, district courts routinely dismiss ADA accessibility claims if the defendant corrects the property conditions at issue, and these dismissals are frequently affirmed by the United States Courts of Appeal. *See, e.g.*, *Suarez-Torres v. Panaderia Y Reposteria Espana, Inc.*, 988 F.3d 542 (1st Cir. 2021) (renovations by bakery made after suit was filed mooted claim); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim"); *Dalton v. JJSC Properties, LLC*, 967 F.3d 909, 914 (8th Cir. 2020) (upholding dismissal of moot claims

6

pursuant to Rule 12(b)(1) after defendant "submitted photographs, schematics, and affidavits showing that it had remedied [the plaintiff's] concerns about the lack of a demarcated accessible parking spot, van spot, access aisle, and proper signage"); *Hummel v. St. Joseph County Bd. Of Comm'rs*, 817 F.3d 1010 (7th Cir. 2016) (installation of accessible restrooms made claim for injunctive relief moot); *Kennedy v. Omegagas & Oil, LLC*, 748 F. App'x 886 (11th Cir. 2018) (affirming dismissal on mootness after defendant fixed issues that could be remediated).

In accordance with the rationale and authority set forth above as applied to the facts of this case, the court finds that the plaintiff's claims are moot and should be dismissed as such. Accordingly, the court finds that the defendant's motion to dismiss pursuant to Rule 12(b)(1) is well taken and should be granted.²

Briefly turning to the plaintiff's motion for summary judgment, the court notes, first that there is no evidence in the record contradicting defendant Stateline's ADA expert Hinrichs' declaration that Stateline is now in full compliance with the accessibility requirements of the ADA. The crux of this case and the allegations set forth with any specificity in the plaintiff's complaint revolve around now-remedied architectural barriers. Because of the voluntary successful efforts of the defendant to correct these matters, this court has found the plaintiff's claims to be moot and the defendant's motion to dismiss to be meritorious.

Now the plaintiff attempts to reframe his architectural barrier and maintenance claims into a policy claim. To assert a successful policy claim, the plaintiff was required, but failed, to prove the existence of a policy by the defendant that violates the ADA or to prove that he

---

² The court also finds that the plaintiff's claim for attorney's fees should be dismissed as moot. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change," and the plaintiff cannot be deemed a "prevailing party" for the purpose of attorney's fees under such circumstances. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 607 (2001).

requested a reasonable modification that was denied. *See, e.g.*, *MacClymonds v. IMI Investments, Inc.*, 2007 WL 1306803, at *3 (S.D. Tex. 2007). Courts have repeatedly rejected attempts by plaintiffs to disguise their architectural barrier claims as policy claims. For instance, in *Betancourt v. Federated Department Stores*, 732 F. Supp. 2d 693 (W.D. Tex. 2010), the court held that an alleged discriminatory policy of not removing barriers is not a policy claim, but a barrier claim:

> Nor has [plaintiff] alleged the existence of a policy, that she requested modification of such policy, that the requested modification was reasonable, or that it was denied. If a policy is simply not to make required architectural modifications, that would fall under [42 U.S.C.] § 12182(b)(2)(A)(iv) …. Accordingly, Plaintiff fails to state a claim with regard to these violations.

*Id.* at 711, n.7.

Even if the plaintiff had properly asserted a policy claim, the claim would still fail because the plaintiff has not shown that a discriminatory policy actually exists, that it violates the law, or that he requested a reasonable modification that was denied. *Id.*; *Sharp v. Islands Restaurant – Carlsbad*, 2012 WL 4497331, at *12 (S.D. Cal. 2012). Further, even if the plaintiff had alleged a cognizable policy claim, he would not be entitled to an injunction under the facts of the case *sub judice*. It is well established that once structural or physical changes are undertaken to remedy alleged barriers, the mere possibility that a defendant could fall out of compliance in the future does not justify injunctive relief. *See, e.g.*, *Hickman v. Missouri*, 144 F.3d 1141, 1143-44 (8th Cir. 1998); *Nat'l Alliance for Accessibility, Inc. v. Walgreen Co.*, 2011 WL 5975809, at *2-3 (M.D. Fla. 2011).

As the court in *National Alliance for Accessibility, Inc. v. Walgreens* noted, "Because Walgreens has invested substantial resources to make its store ADA-compliant, it would be unreasonable to think that Walgreens would remove the improvements or otherwise violate the

8

ADA after the case is dismissed." *Nat'l Alliance for Accessibility, Inc.*, 2011 WL 5975809, at *3. The same rationale applies in the present case. The court finds no indication in the record that Stateline would expend the considerable resources it no doubt spent to make its facility ADA-compliant, correcting not only the problems the plaintiff challenged but also the additional ones discovered by its own expert, only to remove those improvements or otherwise violate the ADA after this case is dismissed. Indeed, mere common sense dictates the opposite outcome.

The court finds that the plaintiff has not shown he is entitled to judgment as a matter of law under the facts of this case. The plaintiff's motion for summary judgment is not well taken, and it will be denied.

## Conclusion

For the foregoing reasons, the court finds that the defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction is well taken and should be granted. The plaintiff's Motion for Summary Judgment is not well taken and should be denied. A separate order in accordance with this opinion will issue this day.

This 28th day of September, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE